## Ledger Day v. The State.

### No. 2989.   Decided October 19, 1904.

**Driving Cattle From Accustomed Range—Charge of the Court.**

Where the evidence showed that appellant was driving a herd of cattle by prosecutor's premises; that the yearling in question got into the herd, and that appellant tried to prevent it from following the herd, the court should have given the requested charge, that if the appellant did not purposely drive the animal, to acquit.

Appeal from the District Court of Franklin. Tried below before Hon. P. A. Turner.

Appeal from a conviction for driving cattle from their accustomed range; penalty, a fine of $5.

No statement necessary.

*R. J. Wilkinson* and *Ralston, Ward & Hutchings,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This is a conviction for driving cattle from their accustomed range, under art. 913 Penal Code. The evidence shows, among other things, that, appellant was driving a herd of cattle by the premises of prosecutor; that the yearling in question got into the herd; that appellant tried to prevent it from following the herd. Under this state of facts appellant requested the court to charge the jury that, if appellant did not purposely drive the animal he would not be guilty. This charge should have been given. The gravamen of the offense is for wilfully driving cattle from their accustomed range; and without this intent appellant would not be guilty. It follows that the court erred in refusing appellant's special charge.

For the error discussed the judgment is reversed and the cause remanded.

Davidson, Presiding Judge, absent.        *Reversed and remanded.*